**JENNY L. FOLEY, Ph.D., ESQ.**
Nevada Bar No. 9017
E-mail: jfoley@hkm.com
**HKM EMPLOYMENT ATTORNEYS LLP**
101 Convention Center Drive, Suite 600
Las Vegas, Nevada 89109
Tel: (702) 805-8340
Fax: (702) 805-8340
*Attorneys for Plaintiff*

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEVADA**

| | |
|---|---|
| MATTHEW CHAVEZ, An Individual, <br><br> Plaintiff, <br><br> vs. <br><br> VALLEY HEALTH SYSTEM, a dba of UHS of DELAWARE, Inc. a Foreign Corporation DOES 1-50, inclusive and ROE CORPORATIONS 1-50, inclusive, <br><br> Defendant. | CASE NO.: <br><br> **COMPLAINT AND JURY DEMAND** |

The Plaintiff Gary Chavez ("Chavez") by and through his attorneys of record, the law firm of HKM Employment Attorneys LLP hereby complains and alleges as follows:

**JURISDICTION**

1. This is an action for damages arising under The Americans with Disabilities Act ("ADA") of 1990, 42 U.S.C. §12101 et. seq., and NRS Chapter 613 and for unlawful retaliation under the above statutes, among other causes of action as outlined herein.

2. This Court has primary jurisdiction over claims set forth herein pursuant to 28 U.S.C. § 1331 (federal question), 28 U.S.C. §1343(a) (4) (civil rights action) and 42 U.S.C. §2000e-5(f) (3) (unlawful discrimination and retaliation in employment). Additionally, this Court has supplemental jurisdiction over any state law claims pled

herein pursuant to 28 U.S.C. §1367.

3. Upon information and belief, all material allegations relative to the named defendants contained in this Complaint occurred in the State of Nevada, Clark County. Therefore, venue properly lies in the southern division of the United States Court for the District of Nevada pursuant to 28 U.S.C. §1391(b)(2).

4. At all relevant times, Defendants were engaged in interstate commerce, and each employed 20 or more employees for each working day during each of the 20 or more calendar workweeks in the current or preceding calendar year, and are therefore subject to the provisions of the statutes outlined herein.

**EXHAUSTION OF ADMINISTRATIVE REMEDY**

5. On or about January 9, 2023, Plaintiff initiated the process of filing a Charge of Discrimination against his employer, the Defendant(s) named in this action with the Equal Employment Opportunity Commission ("EEOC").

6. On or about January 10, 2023 Plaintiff received the "Notice of Right to Sue" from the EEOC.

7. Less than 90 days have passed since the date of mailing of the "Notice of Right to Sue." This action is timely filed pursuant to 42 U.S.C. § 2000e-5(f).

8. Prior to filing this action, Plaintiff exhausted the administrative remedy on all claims pled hereunder.

**PARTIES**

9. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

10. Plaintiff is a citizen of the State of Nevada and a resident of Clark County, Nevada.

11. At all relevant times, Defendant UHS of Delaware, Inc., dba Valley Health System was

1  a corporation, authorized to conduct business in the State of Nevada.

2  12. Doe Defendants 1 through 50 inclusive and Roe Corporation Defendants 1 through 50 inclusive, are unknown at the present time and thus sued by Plaintiff in such fictitious names. Plaintiff alleges however that said Defendants are in some manner responsible for the damages sustained by Plaintiff and that said Defendants will be named with peculiarity once their identities are known. At such time, Plaintiff will seek leave of court to state more fully herein the names and acts of said Defendants.

## GENERAL ALLEGATIONS

13. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

14. Dr. Matthew Chaves began working for VHS in or around July 2021 as a Family Practice Resident.

15. Shortly thereafter, Dr. Chavez revealed to the Director of the Family Practice Residency Program that his mother had been diagnosed with a serious illness and as a result, he requested FMLA leave.

16. Thereafter, Dr. Chavez became depressed as a result of the issues he faced dealing with his mother's illness and began seeking therapy in or around September, 2021.

17. Dr. Chavez informed his Director that he had been diagnosed with a serious illness and informed the Director of his mother's ongoing issues.

18. The Director's attitude toward Dr. Chavez changed dramatically after Dr. Chavez informed him of his diagnosis, turning cold, distant and hostile.

19. Thereafter, his Director 'suggested' that Dr. Chavez continue his leave.

20. The "suggestion" was a thinly disguised order to remain on leave and not return.

21. Dr. Chavez returned from leave in January 2022.

22. Shortly thereafter, on or about March 1, 2022, Dr. Chavez was unfairly reprimanded for

allegedly being late to a meeting and asking to scrub in on surgery.

23. Dr. Chavez was then told that he was overstepping his bounds when he advocated for more hands-on training for the Family Practice residents.

24. Shortly thereafter, Dr. Chavez again discussed his diagnosis with his Director and asked for assistance.

25. His Director's response was "tough."

26. The Director then told Dr. Chavez that VHS was a hard place to work and that Dr. Chavez had to work through his feelings.

27. On or about March 23, 2022 a new Director was introduced to the Family Practice Residency.

28. The following day, Dr. Chavez met with both the outgoing and incoming Directors.

29. The purpose of the meeting was to fire Dr. Chavez.

30. Instead, the new Director offered Dr. Chavez 'probation' in the form of a 'zero tolerance' policy.

31. Dr. Chavez inquired what complaints had been received that were so severe as to warrant this discipline.

32. He received vague descriptions of allegations and despite requests for the same, received no signed complaints.

33. During this meeting, Dr. Chavez informed both directors of his diagnosis and asked for assistance, to no avail.

34. In April 2022 Dr. Chavez began working at the outpatient clinic of family practice under the new Director.

35. During this time, Dr. Chavez was repeatedly verbally praised, assured he was "doing

great" by both the Director and the Associate Director.

36. Dr. Chavez fell ill on or about June 18, 2022.

37. On or about June 25, 2022, he met with the previous director and his peers for a mandatory, regularly scheduled meeting.

38. At this meeting, he shared with his peers that he had a viral illness, as well as shared his previous diagnosis, and also shared that his mother had been diagnosed with a serious illness.

39. Dr. Chavez shared the specific diagnosis he and his mother had received with his peers at the meeting.

40. Dr. Chavez called his director to inform her that he was ill on or about July 3, 2022.

41. The Director told him to stay home until he felt better.

42. By July 7, 2022, Dr. Chavez' illness significantly worsened, and he was taken via ambulance to Summerlin Hospital and discharged a few days later.

43. Dr. Chavez is informed and believes that his medical records were accessed by an unauthorized person.

44. Dr. Chavez returned to work on or about July 25, 2022, after several calls with his Director and Associate Director, who encouraged him to stay home until he was well.

45. On the day of his return, he was told that he violated his probation.

46. Dr. Chavez was informed that -allegedly- a pediatrician lodged a complaint against him.

47. Dr. Chavez was told he could either resign or be terminated.

48. Dr. Chavez has text messages with the pediatrician in question which confirm that no such complaint was ever made.

49. Dr. Chavez was essentially terminated in retaliation for using FMLA leave and for

having a disability and requesting that his employer engage in the interactive process required under the ADA.

50. As a result of the threats made against him, Dr. Chavez was constructively discharged.

**FIRST CAUSE OF ACTION**
**(Violation of the ADA, 42 U.S.C. §12101 et. seq.)**
**(Defendant Health Valley System)**

51. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

52. Defendant violated 42 U.S.C. § 12101 et. Seq by discriminating against Plaintiff because of Plaintiff's disability.

53. Specifically, Defendant engaged in disability discrimination in violation of 42 U.S.C. § 12101 et. Seq. when Defendant, *inter alia*:

   a. Permitted unauthorized persons to access Dr. Chavez' medical records and disseminate personal, private health information to his employer, including, upon information and belief, the Director of the Family Practice Residency program.

   b. Created false and pretextual reasons to impose discipline on Dr. Chavez after he informed his employer of his disability.

   c. Used false and pretextual reasons to threaten Dr. Chavez that he must quit or face termination.

   d. Failed to engage in the interactive process as required by the Americans with Disabilities Act

54. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

55. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

56. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way

of punishment.

57. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

## SECOND CAUSE OF ACTION
### (Retaliation in Violation of the ADA, 42 U.S.C. §12101 et. seq.)
### (Defendant Health Valley System)

58. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

59. Defendant violated 42 U.S.C. § 12101 et. Seq by discriminating against Plaintiff because of Plaintiff's disability and by retaliating against Plaintiff for engaging in protected activity.

60. Specifically, Defendant engaged in retaliation in violation of 42 U.S.C. § 12101 et. Seq when Defendant, *inter alia*: permitted unauthorized persons to access Dr. Chavez' private medical information; disciplined Dr. Chavez based on false and pretextual grounds, and ultimately threatened Dr. Chavez with termination, leading to his constructive discharge after Dr. Chavez engaged in protected activities under the ADA.

61. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

62. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

63. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

64. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

**THIRD CAUSE OF ACTION**
**(Violation of NRS Chapter 613)**
**(Defendant Health Valley System)**

65. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

66. Defendant violated NRS Chapter 13 et. seq., by discriminating against Plaintiff because of Plaintiff's disability and for engaging in unlawful retaliation as outlined herein.

67. Specifically, Defendant engaged in discrimination in violation of NRS Chapter 613 when Defendant, *inter alia*:

    a. Permitted unauthorized persons to access Dr. Chavez' medical records and disseminate personal, private health information to his employer, including, upon information and belief, the Director of the Family Practice Residency program.

    b. Created false and pretextual reasons to impose discipline on Dr. Chavez after he informed his employer of his disability.

    c. Used false and pretextual reasons to threaten Dr. Chavez that he must quit or face termination.

68. Specifically, Defendant engaged in retaliation in violation of law when Defendant, *inter alia*: permitted unauthorized persons to access Dr. Chavez' private medical information; disciplined Dr. Chavez based on false and pretextual grounds, and ultimately threatened Dr. Chavez with termination, leading to his constructive discharge after Dr. Chavez engaged in protected activities under the ADA.

69. Plaintiff may be unaware of additional detrimental acts constituting retaliation in that it harmed him in the workplace.

70. Due to its illegal actions, Defendant must pay damages in an amount to be determined at trial for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life.

71. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendant must pay Plaintiff an additional amount for the sake of example and by way of punishment.

72. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred when Defendant violated Plaintiff's civil rights, and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

**FOURTH CAUSE OF ACTION**
**(Civil Conspiracy)**
**(Defendant Health Valley System and DOE Defendants)**

73. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

74. The Defendants, and each of them, conspired, coordinated, met, discussed, and/or engaged in other behavior and concerted action to accomplish the unlawful objective of depriving Plaintiff of rights due to Plaintiff under the above mentioned Federal and State laws and to cause harm to Plaintiff.

75. The Defendants, and each of them, conspired, coordinated, met, discussed, and/or engaged in other behavior and concerted action to accomplish the unlawful objective of depriving Plaintiff of rights due to Plaintiff under Nevada's laws protecting the privacy of persons when Plaintiff's private protected health information was unlawfully accessed and disseminated by unknown employees or agents of Defendant Valley Health Systems.

76. Such concerted action did cause harm to Plaintiff including but not limited to severe emotional distress, pecuniary loss and damage to reputation.

77. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for back pay, front pay, lost benefits, and compensatory damages for emotional

pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

78. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

79. Plaintiff has had to obtain the services of an attorney to protect Plaintiff's rights and secure compensation for the damages incurred by these violations and therefore, Plaintiff is entitled to recover reasonable attorney's fees against Defendants.

**FIFTH CAUSE OF ACTION**
**(Intentional/Negligent Infliction of Emotional Distress)**
**(Defendant Health Valley System)**

80. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

81. Defendants' conduct toward Plaintiff was extreme and outrageous and caused significant emotional harm, headaches, sleeplessness and various physical and mental distress.

82. Defendants' conduct was extreme, outrageous, and undertaken with either intent or, reckless disregard for causing Plaintiff emotional distress.

83. Defendants had a duty to refrain from engaging in the hostile and retaliatory acts as described above and which include by way of non-exclusive example:

   a. Permitting unknown employees or agents of Defendant Valley Health Systems to obtain and disseminate private, protected health information about Dr. Chavez

    b. Engaged in a pattern of extreme and outrageous behavior designed to cause maximum mental and emotional distress as outlined herein.

84. Defendants breached that duty.

85. Defendant's intentional or negligent conduct was the legal, actual, proximate cause of Plaintiff's extreme and/or severe emotional distress by engaging in the conduct described herein.

86. Defendants must pay damages in an amount to be determined at trial but exceeding $25,000 for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

87. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

88. Plaintiff has had to obtain the services of an attorney to protect Plaintiff's rights and secure compensation for the damages incurred as a result of these violations and therefore, Plaintiff is entitled to recover reasonable attorney's fees against Defendants.

### SIXTH CAUSE OF ACTION
**(Public Disclosure)**
**(Defendant Health Valley System)**

89. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

90. The plaintiff had a reasonable expectation of privacy in his private medical records.

91. Defendant violated that expectation when Defendant permitted, directed, encouraged or otherwise failed to take appropriate steps to prevent unknown employees or agents of Valley Health Systems from accessing Dr. Chavez' personal private medical records.

92. Defendant violated that expectation when Defendant permitted, directed, encouraged or otherwise failed to take appropriate steps to prevent unknown employees or agents of Valley Health Systems from disseminating information contained in Dr. Chavez' personal private medical records.

93. Defendants knew or should have known that such dissemination of such private information and/or free and open discussion of the same, was likely to be highly offensive and harmful not only to Plaintiff, but to a reasonable person of ordinary sensibilities.

94. Defendant must pay damages in an amount to be determined at trial, but exceeding $25,000 for back pay, front pay, lost benefits, and compensatory damages for emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because they engaged in illegal actions.

95. Because Defendants are guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

96. Plaintiff has had to obtain the services of an attorney to protect Plaintiff's rights and secure compensation for the damages incurred as a result of these violations and therefore, she is entitled to recover reasonable attorney's fees against Defendants.

**SEVENTH CAUSE OF ACTION**
**(Negligent Hiring/Retention/Supervision/Training)**
**(Defendant Health Valley System)**

97. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

98. Defendant ignored Plaintiff's complaints regarding the discrimination he suffered.

99. Defendant failed to properly train its employees, managers and supervisors regarding disability discrimination.

100. Defendant failed to properly train its employees, agents and the like to ensure that patient's private health information was not improperly accessed by its employees and/or agents.

101. Defendant failed to properly supervise its employees and agents to ensure that patient's private health information was not improperly disseminated to unauthorized third parties.

102. Upon information and belief, this is not the first instance of improper access and/or dissemination of private, personal health information by Defendant.

103. Therefore, upon information and belief, Plaintiff alleges that Defendant has failed to reasonably hire or has unreasonably retained persons known to have engaged or have a propensity to engage in this behavior.

104. Defendant knew or should have known of its employees' proclivities for improper, unreasonable, outrageous, harassing and retaliatory actions such that an exercise of reasonable care would have stopped and or prevented such conduct.

105. Defendant's failure to supervise, train, terminate and/or appropriately hire its employees and address this conduct in an appropriate way caused injury to Plaintiff.

106. Defendants must pay damages in an amount to be determined at trial, but exceeding $25,000 for back pay, front pay, lost benefits, and compensatory damages for

emotional pain, suffering, inconvenience, mental anguish and loss of enjoyment of life because of Defendant's illegal actions.

107. Because Defendant is guilty of oppression, fraud or malice, express or implied, Defendants must pay Plaintiff an additional amount for the sake of example and by way of punishment.

108. Plaintiff has had to obtain the services of an attorney to protect his rights and secure compensation for the damages incurred as a result of these violations and therefore, he is entitled to recover reasonable attorney's fees against Defendant.

### EIGHTH CAUSE OF ACTION
**(Breach of Contract)**
**(Defendant Health Valley System)**

109. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

110. Plaintiff, in seeking medical care through the Valley Health System, entered into a contract with Defendant that required- inter alia- Defendant to maintain the privacy of his personal health information.

111. Defendant breached that contract when it permitted unauthorized persons to access and disseminate Plaintiff's personal health information causing significant harm to Dr. Chavez.

112. Defendants must pay damages in an amount to be determined at trial but exceeding 215,000 for compensatory damages for Plaintiff's economic losses.

113. Plaintiff has had to obtain the services of an attorney to protect Plaintiff's rights and secure compensation for the damages incurred by these violations and therefore, Plaintiff is entitled to recover reasonable attorney's fees against Defendants.

## NINTH CAUSE OF ACTION
### (Breach of Covenant of Good Faith and Fair Dealing)
### (Defendant Health Valley System)

114. Plaintiff incorporates all the allegations in the preceding paragraphs as though fully set forth herein.

115. Defendant had a duty to act in good faith and fair dealing in performing their obligations to ensure the privacy of Plaintiff's private health information.

116. Defendant refused and continues to refuse to fulfil its contractual obligation pursuant to the Parties' contract, by failing to keep Dr. Chavez' health information private.

117. Defendant is in a far superior position to Plaintiff, as Plaintiff's employer, and as such, the party's special relationship imposes further duties on Defendant to act in good faith and fair dealing.

118. Defendant failed to exercise good faith or fair dealing in the performance of the Parties' contract; thus, Plaintiff has suffered damages in an amount to be determined at trial but in excess of $25,000.00.

119. Plaintiff has had to engage in the services of attorneys for representation in this matter and is entitled to an award of reasonable attorney's fees.

**WHEREFORE,** Plaintiff prays this court for:

    a. A jury trial on all appropriate claims.

and to enter judgment in favor of the Plaintiff by:

    b. Awarding Plaintiff an amount sufficient to fully compensate him (including tax consequences) for all economic losses of any kind, and otherwise make him whole in accordance with the law.

    c. Back pay with interest.

    d. An equal amount as liquidated damages.

   e. An award of compensatory and punitive damages to be determined at trial.

   f. An award of attorney's fees and costs; and

   g. Any other relief the court deems just and proper.

Dated: April 7, 2023.

             Respectfully submitted,

             **HKM EMPLOYMENT ATTORNEYS, LLP**

             By: ____*Jenny L. Foley*____

             **JENNY L. FOLEY, Ph.D., ESQ.**
             Nevada Bar No. 9017
             E-mail: jfoley@hkm.com
             **HKM EMPLOYMENT ATTORNEYS LLP**
             101 Convention Center Drive, Suite 600
             Las Vegas, Nevada 89109
             Tel: (702) 805-8340
             Fax: (702) 805-8340
             *Attorneys for Plaintiff*